IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ALLAN BUCK,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES; BARACK H. OBAMA, President of the United States; ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary of Homeland Security; HILLARY CLINTON, Secretary of State,<br><br>     Defendants. | Case No. 2:11-cv-1081-CW-SA<br><br><br><br>**REPORT AND RECOMMENDATION**<br><br><br><br><br>Magistrate Judge Samuel Alba |

Before the court is a complaint filed by Plaintiff Edward Allan Buck, a pro se plaintiff who is proceeding *in forma pauperis* ("IFP"). (Docs. 1, 2.) Because Plaintiff lacks standing in this case, the court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915 (the "IFP statute") for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe [his] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Plaintiff filed his complaint on November 29, 2011, after his motion to proceed IFP was granted, and the case was assigned to United States District Judge Clark Waddoups.  (Docs. 1-3.)  The next day, Judge Waddoups referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 4.)

In Plaintiff's complaint, Plaintiff names the following individuals as defendants:  the United States, United States President Barack Obama, United States Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, and Secretary of State Hillary Clinton (collectively "Defendants").  (Doc. 3, at 1.)

Upon a thorough review of the complaint, it appears that Plaintiff is contesting the correctness under the Constitution of a statement made by Attorney General Holder.  (*Id.* at 2.)  Plaintiff argues that the Tenth Amendment gives rise to immigration being a state power "because the Constitution does not give such power to the United States."  (*Id.* (emphasis omitted).)  Plaintiff also argues that the Fourteenth Amendment "clearly stipulates the State's right to make and enforce laws which do impose upon the individual who is not deemed a citizen under the Constitution" because the Fourteenth Amendment  "specifically stipulates that the States shall not make or enforce any law which abridges the privileges of citizens of the United States."  (*Id.* at 3 (emphasis omitted).)  In addition, Plaintiff makes arguments regarding sections of the United States Code.  (*Id.* at 3-10.)  Plaintiff argues under his "Cause of Action" section that because Defendants are "agents of and employees of the United States," they are "agents for and employed by the Plaintiff and the States of Utah citizens," and that certain failures on the part of Defendants have resulted in Defendants failing to uphold their oaths of office.  (*Id.* at 5-9.)  It is unclear, but it appears that Plaintiff may be arguing that Defendants violated his constitutional rights on the

grounds that they have failed to uphold their oaths of office. Among other remedies, Plaintiff asks the court to issue an "[o]rder stipulating that the State of Utah has the legal right to formulate laws to protect its Citizens against illegal immigration" and issue an "[i]njunction barring the Department of Justice from pursuing any legal action of any type against the State of Utah . . . for the enactment of legislative laws that protects and defends the civil rights of the Plaintiff and the Citizens of the State of Utah against illegal immigrants residing in the State of Utah." (*Id.* at 11, 12.)

## ANALYSIS

As stated above, this court previously granted Plaintiff's application to proceed IFP. (Docs. 1, 2.) Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

In addition, Article III of the Constitution limits the federal courts to the adjudication of actual cases and controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). Article III requires that a litigant have "standing" in order to invoke the power of a federal court. *See id.* In other words, standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "In order to satisfy the jurisdictional prerequisite of standing, [Plaintiff] must do more than allege abstract injury, he must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Phelps v. Hamilton*, 122 F.3d 1309, 1316 (10th Cir.

1997) (quotations and citation omitted). Accordingly, to have standing to pursue his claims against Defendants, Plaintiff must allege a concrete and particularized injury that is fairly traceable to Defendants' allegedly unlawful conduct and that is likely to be redressed by the requested relief. *See Allen*, 468 U.S. at 751.

The court concludes that Plaintiff's attempt to invoke the jurisdiction of this court falls far short of the constitutional requirements for standing. Plaintiff has failed to allege any direct personal injury, actual or imminent, that he has suffered by Defendants' alleged actions. While Plaintiff sets forth generalized harms allegedly caused by Defendants' actions, Plaintiff has failed to show how Defendants have specifically injured him in a manner apart from the general population. "[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974). For example, merely alleging that Defendants' actions "have taken away the ability of the State of Utah, which is the Plaintiff and Citizens of the State of Utah, to provide services in full and complete measure to the Plaintiff and the Citizens of the State of Utah" (Doc. 3, a 11) is not enough to demonstrate that Plaintiff has standing to file this lawsuit.

"A federal court does not have jurisdiction over a case if the plaintiff does not have standing." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1166 (10th Cir. 1996). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."). Accordingly, the court recommends dismissal of Plaintiff's complaint for lack of standing.

## RECOMMENDATION

Because the court concludes that Plaintiff lacks standing, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Copies of the foregoing report and recommendation are being sent to the parties who are hereby notified of their right to object.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file objections to both factual and legal conclusions may constitute a waiver of those objections on subsequent appellate review.

DATED this 5th day of December, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge